## STATE OF VERMONT *v.* HARRY M. BATES.

*A mortgagee by deed absolute not the owner within R. L. s. 3843.*

One who holds a deed to certain premises absolute upon its face, but really intended as a mortgage, is not, at least so long as the grantor remains in possession, the owner within R. L. s. 3843, and cannot be convicted of permitting such grantor to use the premises for the unlawful sale of intoxicating liquor.

This was a complaint based upon R. L. s. 3843, charging the respondent with permitting a building owned by him to be used as a place of public resort, where intoxicating liquor was unlawfully furnished. It was heard at the September Term, 1889, POWERS, J., presiding, upon an agreed statement of facts. The respondent was adjudged guilty *pro forma*, and excepted. The facts appear in the opinion.

*J. C. Baker*, for the respondent.

The deed, though absolute, was intended as a mortgage; and parol evidence of this fact was admissible, the grantor being in possession. Jones Mortgages, s. 264; *Campbell* v. *Worthington*, 6 Vt. 448; *Baxter* v. *Willey*, 9 Vt. 276; *Mott* v. *Harrington*, 12 Vt. 199; *Hills* v. *Loomis*, 72 Vt. 562; *Crosby* v. *Leavitt*, 50 Vt. 239; *Holmes* v. *Caden*, 57 Vt. 111.

This being so, Cain had the legal right to occupy and control the premises; hence he did not "permit" their use for the unlawful purpose. *Cowley* v. *People*, 83 N. Y. 464; *Commonwealth* v. *Curtis*, 9 Allen, 266; *Commonwealth* v. *Wentworth*, 146 Mass. 36.

*Edward Dana*, State's Attorney, for the State.

As between Cain and the respondent, the latter may have been in equity a mortgagee, but as to third parties, including the State, he was the owner. *Carver* v. *Chase*, 15 Vt. 774; *Mellish* v. *Robertson*, 25 Vt. 603; *Bigelow* v. *Topliff*, 25 Vt. 273.

To "permit" is to "allow by not prohibiting."

The opinion of the court was delivered by

TYLER, J.   The complaint is based upon s. 3843, R. L., and charges that the respondent did knowingly and unlawfully permit a certain building owned by him, situate in the village of Rutland and occupied as a drug store, to be used as a place of public resort, where intoxicating liquor was kept for unlawful sale, etc., in violation of law.

The exceptions show that Oliver J. Cain, on the 25th day of October, 1883, by his deed of warranty, duly executed and recorded, conveyed the premises in question, which consisted of a two-story wooden building, to the respondent; that the deed, though absolute on its face, was in fact a mortgage, as security for a sum of money loaned by the respondent to Cain, and that it was expressly agreed between the parties that when the money was repaid the respondent should re-convey the premises to Cain, who all the while remained in possession thereof.

The relation of the respondent to the property was that of mortgagee without possession, and, so far as the case shows, without a right of possession.   Cain had title thereto by virtue of his deed from his grantor, Ellis, and was in lawful possession and in full control thereof as a mortgagor, and not as the respondent's lessee or by his permission.   This being the case presented by the agreed statement of facts, the respondent did not, as owner, let the building or permit it to be used for the purposes prohibited by s. 3843, R. L.

*The pro forma judgment is reversed, exceptions sustained, and the respondent adjudged not guilty.*